In re NICHOLS. (No. 3.) (Supreme Court, Appellate Division, First Department. November 6, 1914.) Proceeding upon charges of professional misconduct by the Association of the Bar of the City of New York against Henry Nichols. On referee's report. Respondent disbarred. See, also, 160 App. Div. 890, 144 N. Y. Supp. 1132; 160 App. Div. 929, 145 N. Y. Supp. 1135. Merrill E. Gates, Jr., of New York City, for petitioner. William Michael Byrne, of New York City, for respondent.
INGRAHAM, P. J. Charges of misconduct were filed against the respondent by the Associa-

tion of the Bar of the City of New York, to which the respondent filed an answer. The charges were referred to the official referee, and he, after his investigation, has filed a careful report, in which he finds the respondent guilty of the charges, and he also finds that the respondent deliberately testified falsely before him that he sent to his client a letter, a copy of which he produced, with a check for the amount due to her, but which letter or check was in fact never written or sent. As to the first charge the referee says: "Upon all that appears before me, inclusive of my observations of the manner in which the witnesses gave their testimony, I am of the opinion that the letter of September 16, 1912, and the check inclosed therein, were never written or mailed as claimed, and that petitioner's proof sufficiently establishes the first charge." As to the second charge, the referee also, after an exhaustive examination of the testimony, concluded that the respondent's testimony was false, and concludes: "Upon the whole case, inclusive of probabilities and my observations of the manner in which the witnesses gave their testimony, I am of the opinion that Brownstein's testimony is true, and that it sufficiently sustains the second charge of the petition." If the referee's report is sustained by the evidence, it conclusively establishes that this respondent is totally unfit to remain a member of the profession. We have examined the testimony, and we are entirely satisfied with the report of the referee. In fact, on this testimony as it stands, we could have come to no other conclusion. This is not a case in which it would be useful to critically examine the charges themselves, or the testimony before the referee. It is sufficient to say that both the conduct of the defendant in relation to his client and his testimony and conduct before the referee is such that but one conclusion can be drawn from it, that he has been guilty of such professional misconduct that he should no longer remain a member of the profession, and he is therefore disbarred. All concur.